**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **TYLER WAYNE NEES**, | Case No. 6:25-cv-2246-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **ISRAEL RICHMOND, *et al*.**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Tyler Wayne Nees, representing himself, brings this case against several employees of the Oregon Department of Corrections. Plaintiff alleges that he was sexually harassed by another adult-in-custody, and Defendants witnessed, or adjudicated Plaintiff's grievances over, this harassment but did nothing to stop it. Plaintiff then alleges that the other adult-in-custody, who was "emboldened" by Defendants' failure to intervene, assaulted Plaintiff.

Plaintiff has twice moved for the appointment of pro bono counsel, which the Court has denied. ECF 12, 16. Defendants answered the Complaint on April 15, 2026. On April 16, 2026, the Court issued a scheduling order, ECF 14, which set August 6, 2026, as the deadline to (1) file all pleadings pursuant to Rules 7(a) and 15 of the Federal Rules of Civil Procedure; (2) join all claims, remedies, and parties pursuant to Rules 18 and 19 of the Federal Rules of Civil

PAGE 1 – ORDER

Procedure; and (3) complete all discovery. It further set August 14, 2026, as the deadline to file all pretrial, discovery, and dispositive motions.

On June 1, 2026, as part of his motion for the appointment of pro bono counsel, Plaintiff described that Defendants would not turn over discovery because of the "saf[e]ty and security of the institutions." ECF 15 at 1. In denying Plaintiff's motion, the Court explained that if Plaintiff were intending to seek to compel the production of documents, Plaintiff needed to comply with Local Rule 37-1, and include the "pertinent interrogatory, question, request, response, and/or objection, together with the legal arguments of the party." ECF 16 at 1.

Plaintiff has now filed a document titled "Summar[y] Judgment." ECF 17. This document, however, is not a dispositive motion. Plaintiff does not contend that he is entitled to judgment as a matter of law or undisputed facts. Instead, Plaintiff "re-alleges" the allegations in his Complaint and "informs" the Court that Defendants are "unable or unwilling" to provide discovery. Plaintiff asks how he can "bring this action" if he does not have access to the relevant reports and how he can "show this Court or a jury" that his claims are valid if he "cannot access what is required." Plaintiff finally requests that the Court set a trial date, noting that Plaintiff will just have to "wing it." This latter request is denied, because the deadline for discovery and dispositive motions is not for another month, and the Court will not set any further case deadlines until discovery closes and the dispositive motion deadline has passed or the Court has ruled on any filed dispositive motions.

The Court disregards the label given by Plaintiff to this pending motion, considers its substance, and construes Plaintiff's filing as another attempt at a motion to compel. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, avoid

PAGE 2 – ORDER

inappropriately stringent application of formal labeling requirements or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." (citations omitted)); *United States v. State of Oregon*, 769 F.2d 1410, 1414 n.4 (9th Cir. 1985) ("[T]he label attached to a motion does not control its substance."). Plaintiff's general assertions of inadequate discovery, such as that Defendants refuse to provide "any" discovery and that Plaintiff "cannot access what is required" are simply insufficient to support a motion to compel.

It is unclear whether Plaintiff has issued discovery requests to Defendants. But if he has, and if Defendants have submitted to Plaintiff a response indicating that they will not produce any responsive documents to protect the institution, or words to that effect, then Plaintiff may file a motion to compel that complies with Local Rule 37. A motion to compel discovery must include a copy of the relevant discovery request and its response. L.R. 37-1. In other words, Plaintiff would have to provide a copy of Defendants' response to Plaintiff's relevant request (the response likely also would include Plaintiff's underlying request). Plaintiff can then argue why he needs the documents and why Defendants' reasons for not disclosing are insufficient or can be resolved with a protective order or something similar. But Plaintiff cannot simply assert in a conclusory manner that Defendants are not providing documents and request action by the Court (such as appointing counsel, ordering document production, or setting a trial date).

The Court DENIES Plaintiff's motion, ECF 17, which the Court has construed as a motion to compel the production of documents.

**IT IS SO ORDERED.**

DATED this 20th day of July, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER